119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J. Garth BAILEY, Plaintiff-Appellant,
v.
PORTLAND GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 96-35545.
 United States Court of Appeals, Ninth Circuit.
 Argued July 7, 1997.
Submitted July 7, 1997.
Decided July 18, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-00843-DCA; Donald C. Ashmanskas, District Judge, Presiding.
 Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 J. Garth Bailey appeals from summary judgment on his contract claim against his former employer, Portland General Electric Company. The district court had supplemental jurisdiction over the contract claim under 28 U.S.C. § 1367(a), we have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 PGE's question-and-answer publication did not constitute an offer to assign on the basis of incumbency the training specialist position that Bailey sought. Cases such as Sabin v. WillametteWestern Corp., 557 P.2d 1344 (Or.1976), Rose City Transit Co. v. City of Portland, 533 P.2d 339 (Or.1975), and McHorse v. Portland General Electric Co., 521 P.2d 315 (Or.1974), are inapposite as they involved the provision of employee benefits, and PGE's memos did not create a benefit plan, but merely explained the process by which PGE would downsize. In the absence of a meeting of the minds, there was no contract.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3